IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02968-BNB

ERICK PADILLA,

    Plaintiff,

v.

AURORA CITY,
AURORA POLICE DEP/OFFICERS,
PATRICIA PEREA,
RICHARD HEFTY, and
DAVID PEARSON,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 07 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Erick Padilla, is in the custody of the U.S. Immigration and Customs Enforcement and currently is incarcerated at the ICE Processing Center-GEO Detention Facility in Aurora, Colorado. Mr. Padilla, acting *pro se*, has filed a Prisoner Complaint pursuant to 42 U.S.C.§ 1983.[1] The Court must construe the Complaint liberally because Mr. Padilla is a *pro se* litigant. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Padilla will be ordered to file an Amended Complaint.

---

[1] Although Mr. Padilla has indicated on Page Three of the Prisoner Complaint form that he asserts jurisdiction pursuant 28 U.S.C. § 1331 and **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), the named defendants are not federal employees. The Complaint more properly is raised under 42 U.S.C. § 1983.

The Court has reviewed the Prisoner Complaint filed by Mr. Padilla and finds that it is deficient. First, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Padilla must show that each named defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Padilla fails to assert how Defendants Richard Hefty and David Pearson personally participated in the alleged constitutional violations. Therefore, he will be directed to file an Amended Complaint that alleges how all named Defendants personally participated in the alleged constitutional violates. The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Padilla also should note that he may use fictitious names, such as Aurora Police Dep/Officers, if he does not know the real names of the individuals who allegedly violated his rights. However, if Plaintiff uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

2

As for Defendant Aurora City, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. ***Monell v. New York City Dep't of Social Servs.***, 436 U.S. 658, 694 (1978); ***Hinton v. City of Elwood, Kan.***, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 385 (1989). Mr. Padilla cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Padilla file an Amended Prisoner Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Padilla, together with a copy of this Order, two copies of the Prisoner Complaint form for use in filing the Amended Prisoner Complaint. It is

FURTHER ORDERED that if Mr. Padilla fails to file an Amended Prisoner Complaint that complies with this Order, within the time allowed, the action will be dismissed without further notice.

DATED January 7, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02968-BNB

Erik Padilla
Alien No. 94061511
Geo/Ice Processing Center
11901 E. 30th Ave.
Aurora, CO 80010

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 1/7/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk