IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02968-PAB-MEH

ERICK OMAR PADILLA-BACA,

    Plaintiff,

v.

PATRICIA PEREA,
RICHARD HEFTY, and
DAVID PEARSON,

    Defendants.

## ORDER GRANTING MOTION TO STAY

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendants' Motion to Stay Discovery Pending Determination of Qualified Immunity [docket #34]. The motion has been referred to this Court for disposition [docket #35]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, Defendants' Motion to Stay is **granted**.

**I.**     **Background**

Plaintiff instituted this action on December 11, 2009. In essence, Plaintiff alleges that Defendants entered and searched his home without a search warrant and arrested him without probable cause. *See* Amended Complaint, docket #11, at 3. On March 18, 2010, the Defendants responded to the Complaint by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), in which they assert qualified immunity. *See* docket #25. The Court issued a schedule for discovery on April 16, 2010. Docket #30. Thereafter, Defendants filed the present Motion to Stay Discovery, arguing that, "[u]ntil the threshold immunity question is resolved, discovery should not be allowed."

*See* docket #34 at ¶ 2.

## II. Discussion

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

In this case, Defendants have filed a motion to dismiss Plaintiff's Fourth Amendment claim alleging, among other defenses, that the individual Defendants enjoy qualified immunity from the Plaintiff's claim. The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because Defendants' Motion for Summary Judgment raises a legal question of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. Moreover, the Court finds that allowing discovery to continue in this matter against the government defendants would not serve the interests of judicial economy and efficiency. Consequently, the Court will grant a temporary stay of the proceedings in this matter pending the disposition of the Motion to Dismiss.

## III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion

to Stay Discovery Pending Determination of Qualified Immunity [filed May 19, 2010; docket #34] is **granted**.  The proceedings of this case are hereby stayed pending the District Court's ruling on Defendants' Motion to Dismiss.  The parties are directed to submit a status report within five days of the entry of any order adjudicating the pending Motion to Dismiss.

Dated at Denver, Colorado, this 21st day of May, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge