IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02968-PAB-MEH

ERICK OMAR PADILLA-BACA,

     Plaintiff,

v.

PATRICIA PEREA,
RICHARD HEFTY, and
DAVID PEARSON,

     Defendants.

_____

### RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS
_____

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant

to Fed. R. Civ. P. 12(b)(6) [filed March 18, 2010; docket #25]. Pursuant to 28 U.S.C. § 636(b)(1)(B)

and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation [docket #26].

The motion is fully briefed, and oral argument would not materially assist the Court in its

adjudication. For the reasons that follow, the Court RECOMMENDS Defendants' Motion to

Dismiss be **denied**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file
any written objections in order to obtain reconsideration by the District Judge to whom this case is
assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings
or recommendations to which the objections are being made. The District Court need not consider
frivolous, conclusive or general objections. A party's failure to file such written objections to
proposed findings and recommendations contained in this report may bar the party from a de novo
determination by the District Judge of the proposed findings and recommendations. *United States
v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file
written objections to the proposed findings and recommendations within fourteen (14) days after
being served with a copy may bar the aggrieved party from appealing the factual findings of the
Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140,
155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**BACKGROUND**

Plaintiff is a prisoner currently incarcerated at the ICE Processing Center-GEO Detention Facility in Aurora, Colorado. Plaintiff, proceeding *pro se*, initiated this suit on December 21, 2009 pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment right against unlawful search and seizure. (Amended Complaint, docket #11 at 3-4.) In essence, Plaintiff alleges that on November 11, 2008, the Defendant police officers entered and searched his apartment without a warrant. *Id.* He claims that evidence seized in the search was suppressed by Judge Daniel in a separate criminal proceeding. *Id.*

In response to Plaintiff's Amended Complaint, Defendants filed the present Motion to Dismiss arguing that Plaintiff fails to state a claim for relief by asserting only legal conclusions rather than factual allegations. Moreover, Defendants contend that they are entitled to qualified immunity, since Plaintiff has failed to demonstrate that clearly established law would have given the Defendants notice that their search incident to his arrest was unlawful. The Plaintiff filed a brief response further alleging that the "officers conducted an illegal warrantless search, without a justified exception to the warrant requirement, therefore violating plaintiff's Fourth Amendment rights." *See* docket #32.

**STANDARD OF REVIEW**

**I.      Dismissal under Fed. R. Civ. P. 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Twombly* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

## II.      Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*.; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). A *sua sponte* dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley*

*v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional

quotation marks omitted)).

## ANALYSIS

**I.      Qualified Immunity**

The Defendants assert that they are entitled to qualified immunity on claims against them

in their individual capacities.  Qualified immunity protects from litigation a public official whose

possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's

actions.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  It is an entitlement not to stand trial

or face the other burdens of litigation.  *Ahmad v. Furlong,* 435 F.3d 1196, 1198 (10th Cir. 2006)

(internal quotations and citations omitted).  The privilege is an immunity from suit rather than a

mere defense to liability.  *Id.* When a defendant asserts the defense of qualified immunity, the

burden shifts to the plaintiff to overcome the asserted immunity.  *Riggins v. Goodman*, 572 F.3d

1101, 1107 (10th Cir. 2009).  "The plaintiff must demonstrate on the facts alleged both that the

defendant violated his constitutional or statutory rights, and that the right was clearly established at

the time of the alleged unlawful activity."  *Id.* (citing *Pearson v. Callahan*, – U.S. –, 129 S. Ct. 808,

818 (2009)).

The Supreme Court recently discarded a review process that required courts to examine these

questions sequentially, first considering whether a right had been violated, and then second - if the

court concluded a right had been violated - whether that right was clearly established at the time of

the alleged violation.  *Pearson,* 129 S. Ct. at 816-22.  *Pearson* retired this process, instead affording

courts the discretion to decide "which of the two prongs of the qualified immunity analysis should

be addressed first in light of the circumstances in the particular case at hand."  *Id.*; *see also*

4

*Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009).

Here, the Court examines first whether the Plaintiff has stated on the facts alleged a violation of the Fourth Amendment.

A.      Violation of Constitutional Claim

Plaintiff describes the background (nature) of his case as follows:

> November 11, 2008 at around 8:15 p.m. the Aurora P.O. was responding to a possible domestic dispute call. The officers knocked on the door but no response came. They went in anyway and found me sleeping in the bedroom when they woke me up and handcuffed me, they then began to search the room with no probable cause, a shotgun and ammunition was found, I was arrested and charged, but the charges were dimissed [sic] due to violation of the 4th Amendment.

Amended Complaint, docket #11 at 3.  With this background, Plaintiff alleges the following as his only stated claim against Defendants:

> Claim One: Violation of 4th Amendment (Warrantless Search)
>
> No warrant was presented or produced by [Defendants] on 11/12/08, when they arrived at my apartment without consent to search, causing the alleged case to be dismissed later on.  My residence and privacy was invaded without probable cause or warrant thus [ ] violating my 4th Amendment constitutional right.

*Id.* at 4.

The Court agrees with Defendants that Plaintiff may not rely, for his Section 1983 claim, upon Judge Daniel's decision on the motion to suppress in the related criminal proceeding.  In a Section 1983 action, the Plaintiff may not rely on a finding of a constitutional violation in a criminal matter to recover damages in a civil matter.  *See Morgan v. Gertz*, 166 F.3d 1307, 1309 (10th Cir. 1999) ("the state court's determination in Morgan's criminal trial that defendants committed constitutional violations is not binding in this civil action as there is no privity between the parties").  Therefore, the Plaintiff must prove here, in this civil matter, that a constitutional violation occurred

with respect to his claim in this case. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1252 n.2 (10th Cir. 2007) ("[plaintiff] must establish anew that the officers violated his constitutional rights in this § 1983 action").

In the same vein, the Court finds that it may not take judicial notice of the factual findings made by Judge Daniel in the criminal matter for purposes of this case.[2] A court may only take judicial notice of its *own* factual findings and records of prior litigation involving the *same* parties. *See Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361-62 (10th Cir. 2008) (citing *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979)) (emphasis added). Here, as stated above, there is no privity of the parties and the factual findings were not made by this Court.[3]

Consequently, construing the Amended Complaint liberally without considering Judge Daniel's findings of fact or legal conclusions from the criminal case, and taking Plaintiff's allegations as true, the Court finds that Plaintiff has stated a plausible claim for violation of the Fourth Amendment at this stage of the litigation.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons,

---

[2]Defendants ask the Court to adopt certain factual findings made by Judge Daniel, but not his legal conclusions.

[3]Defendants' citation to *Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006) for the proposition that this Court may take judicial notice of factual findings made in a separate criminal matter is misplaced. The "facts which are a matter of public record" alluded to by the Tenth Circuit in *Tal* include public records reflecting the formation and merger of companies related to that litigation. *Id.* at 1264. Similarly, the court in *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276 (10th Cir. 2004) considered factual *allegations* made public in a related case to determine whether the case was a duplicative qui tam action for purposes of a Rule 12(b)(6) motion. *Id.* at 1278 n.1. The Defendants cite, and this Court has found, no cases supporting a theory that a court may take judicial notice of another court's factual findings in a matter involving different parties.

houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S.

Const. amend. IV. Protecting the home against highly intrusive "general searches" was the impetus

behind the adoption of the Fourth Amendment. *Payton v. New York,* 445 U.S. 573, 583 (1980).

Government entry into a private home is therefore permitted only under limited circumstances. *Id.*

The primary safeguard against unwarranted or overly intrusive government entry into private homes

is the warrant procedure of the Fourth Amendment. *Id.*

Here, the Plaintiff alleges that the Defendant police officers entered and searched his

apartment without a warrant. Taken as true, these allegations state a violation of the Fourth

Amendment. Defendants' contention that Plaintiff alleges only legal conclusions in his Amended

Complaint is incorrect. The Plaintiff specifically states that "*no warrant* was presented or produced

on 11/12/08" and his "residence and privacy was [sic] invaded without probable cause *or warrant*."

An allegation that police officers entered and/or searched a residence without a warrant states a

fundamental Fourth Amendment claim.

Defendants also argue that the "fact" they received consent from a co-tenant to enter the

apartment on November 11, 2008 demonstrates that the Plaintiff fails to state a claim for relief.

Docket #25 at 10-11. However, as discussed previously, the Court may not take judicial notice of

factual findings made by another court, and I may not, for purposes of the present motion, make

findings of fact contrary to the Plaintiff. Thus, Defendants' argument in this regard fails.

B.      Clearly Established Law

Defendants cite the Supreme Court's opinion in *Saucier v. Katz*, 533 U.S. 194, 202 (2001)[4]

---

[4]*Saucier* was overruled on other grounds with respect to the "order" of the steps necessary
for a qualified immunity analysis. *See Pearson*, 129 S.Ct. at 818.

for their contention that "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." While the Court certainly agrees with the opinion's premise, the opinion itself analyzes a trial court's ruling on a Rule 56 motion for summary judgment. *See id.* Thus, the opinion is not necessarily applicable to the Court's analysis here on a Rule 12(b)(6) motion.

Nevertheless, following *Saucier*, Defendants contend the Plaintiff cannot demonstrate that clearly established law would have given Defendants notice that their search of Plaintiff's apartment incident to his arrest was unlawful. However, Defendants implicitly rely for their contention on factual findings made by Judge Daniel regarding the specific "situation they confronted" in the Plaintiff's apartment. Once again, such reliance is improper at this stage of the litigation for purposes of the present motion.

### CONCLUSION

Therefore, this Court recommends finding that Plaintiff has stated a cognizable claim for a Fourth Amendment violation and Defendants have failed to demonstrate they are entitled to qualified immunity at this stage of the litigation. Accordingly, the Court RECOMMENDS that Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [filed March 18, 2010; docket #25] be **DENIED** as set forth herein.

Dated at Denver, Colorado, this 4th day of June, 2010.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge