IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02968-PAB-MEH

ERICK OMAR PADILLA-BACA,

    Plaintiff,

v.

THE CITY OF AURORA, COLORADO,
AURORA POLICE DEPARTMENT,
PATRICIA PEREA, individually and in her professional capacity as a police officer,
RICHARD HEFTY, individually and in his professional capacity as a police officer, and
DAVID PEARSON, individually and in his professional capacity as a police officer,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the motion for summary judgment filed by defendants The City of Aurora, Colorado and Aurora Police Department, as well as Patricia Perea, Richard Hefty, and David Pearson in their official capacities ("Official Capacity Motion") [Docket No. 65], and the motion for summary judgment filed by defendants Perea, Hefty, and Pearson ("defendants") in their individual capacities ("Individual Capacity Motion") [Docket No. 66].

**I. BACKGROUND**

The Court begins by noting that plaintiff has not denied any of the facts asserted in the Individual Capacity Motion and did not file a response brief to the Official Capacity Motion. Instead, plaintiff initially filed a document entitled "Opposition to Defendant's Motion for Summary Judgment" [Docket No. 71]. As the Court stated in a

May 4, 2011 order, that response appeared to be directed only to the Individual Capacity Motion. *See* Docket No. 79 at 2.[1]  Furthermore, plaintiff failed to, in a section entitled "Response to Statement of Undisputed Material Facts," "admit or deny the asserted material facts set forth by the movant" and to provide "a brief factual explanation of the reason(s) for the denial and a specific reference to material in the record supporting the denial."  Practice Standards (Civil cases), Judge Philip A. Brimmer § III.F.3.b.iv.  The Court, therefore, struck the response and granted plaintiff leave to file a response which included a "Response to Statement of Undisputed Material Facts."  *See* Docket No. 79 at 2; *cf.* Practice Standards (Civil cases), Judge Philip A. Brimmer § III.F.3.b.ix ("Failure to follow these procedures will result in an order striking or denying the motion or brief, and it will have to be re-submitted.").  The Court also ordered that, "if plaintiff opposes the Official Capacity Motion [Docket No. 65], he may file a motion seeking leave to file a separate response out of time on or before Friday, May 13, 2011.  In the absence of such a request, the Court will deem the Official Capacity Motion to be unopposed."  Docket No. 79 at 2.

On May 13, 2011, plaintiff filed a "Supplemental Motion in Opposition to Defendant's Motion for Summary Judgment" [Docket No. 80], which the Court

---

[1] Only one paragraph of plaintiff's argument appears to address his claims against the entity and official capacity defendants.  *See* Docket No. 71 (stricken) at 7.  However, plaintiff identifies no relevant facts or evidence in that paragraph or elsewhere in support of his argument.  In any event, as noted above, the Court provided plaintiff with the opportunity to request leave to file a response to the Official Capacity Motion, and he declined to do so.

construes, despite its title, as a response brief.[2]  Plaintiff did not file a motion seeking leave to file a response to the Official Capacity Motion.  As a result, the Court construes the supplemental response as opposing only the Individual Capacity Motion.  However, while the supplemental response contains a section entitled "Response to Statement of Undisputed Material Facts," it appears that the section responds to the Statement of Undisputed Facts in the *Official Capacity* Motion.[3]

In light of the foregoing, the extent of any factual disputes is unclear.  Nevertheless, for purposes of resolving the present motion, it is sufficient to note that this case arises out of the arrest of plaintiff and search of his apartment by defendants Perea, Hefty, and Pearson on November 11, 2008.  During the search, defendants found a shotgun.  After his arrest, plaintiff was ultimately charged in federal court with possession of a firearm by a felon.  After the judge in that case suppressed the shotgun, the government moved to dismiss the indictment against the defendant.  Plaintiff's pretrial detention lasted approximately eight months.

Based upon these events, plaintiff asserts two claims pursuant to 42 U.S.C.

---

[2]In the May 4 order, the Court ordered that plaintiff's response not include any additional argument without first requesting leave from the Court to submit a supplemental response out of time.  Plaintiff's supplemental response omits his previously filed legal argument completely.  Therefore, despite the fact that the Court struck plaintiff's original response, it will consider the legal arguments therein for purposes of resolving the present motions.

[3]The Court finds that the supplemental response could, therefore, be stricken.  The Court, however, declines to strike the filing or provide plaintiff yet another opportunity to file a complying response.  For the reasons discussed below, even assuming all of the facts in plaintiff's Statement of Additional Disputed Facts, *see* Docket No. 80 at 3-5, to be true, the Court finds that defendants are entitled to summary judgment.

§ 1983 against defendants, the first alleging an illegal search in violation of the Fourth Amendment and the second alleging cruel and unusual punishment in violation of the Eighth Amendment. *See* Docket No. 59. On February 15, 2011, defendants filed the present motions, which are ripe for disposition.

## II. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & County of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994); *see also Ross v. The Board of Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & County of Denver,* 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee,* 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

**III. DISCUSSION**

    **A. Official Capacity Motion**

As noted above, on May 4, 2011, the Court ordered that, "if plaintiff opposes the Official Capacity Motion [Docket No. 65], he may file a motion seeking leave to file a separate response out of time on or before Friday, May 13, 2011. In the absence of such a request, the Court will deem the Official Capacity Motion to be unopposed." Docket No. 79 at 2. Plaintiff has not filed a motion seeking leave to file a response to the Official Capacity Motion. As such, the Court concludes that plaintiff does not oppose the entry of summary judgment on behalf of defendants The City of Aurora, Colorado and Aurora Police Department, as well as Patricia Perea, Richard Hefty, and David Pearson in their official capacities. In light of that failure to oppose entry of summary judgment, plaintiff has identified no disputes of material fact, and the Court concludes that the entity and official capacity defendants are entitled to judgment as a matter of law on plaintiff's claims. The Court therefore will grant the Official Capacity Motion.

    **B. Individual Capacity Motion**

In the Individual Capacity Motion, defendants assert the defense of qualified immunity in response to plaintiff's Fourth Amendment claim. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Upon a public official's

assertion of a qualified immunity defense, plaintiff bears a "heavy burden" under a two-pronged analysis. *Buck v. City of Albuquerque,* 549 F.3d 1269, 1277 (10th Cir. 2008). Under the first prong of the analysis, the plaintiff is required to "establish that the defendant's actions violated a constitutional or statutory right." *Smith v. Cochran,* 339 F.3d 1205, 1211 (10th Cir. 2003) (quoting *Holland ex rel. Overdorff v. Harrington,* 268 F.3d 1179, 1185 (10th Cir. 2001)). The determination of whether a violation occurred under the first prong of the qualified immunity analysis turns on substantive law regarding that right. *See, e.g., Casey v. City of Fed. Heights,* 509 F.3d 1278, 1282-83 (10th Cir. 2007).

Under the second prong, the plaintiff must show that the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Saucier v. Katz,* 533 U.S. 194, 201 (2001). "A plaintiff can demonstrate that a constitutional right is clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quoting *Anderson v. Blake*, 469 F.3d 910, 914 (10th Cir. 2006)) (internal quotation marks omitted).[4] A plaintiff need not identify "a case directly on point, but

---

[4]In *Prison Legal News, Inc. v. Simmons*, 401 F.Supp.2d 1181, 1189-90 (D. Kan. 2005), the court noted that the quoted language "from other circuits" appears to be a misquote of the Tenth Circuit's decision in *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992), where the court used the language "from other courts." That misquote first appeared in *Murrell v. School District No. 1, Denver, Colo.*, 186 F.3d 1238, 1251 (10th Cir. 1999), and has since appeared repeatedly in Tenth Circuit cases. The *Prison Legal News* court, though concluding that the "misquote was merely a scrivener's error" and was not meant as a substantive change to the legal standard, added that "the fact that this error has not been discussed in a reported case from the Tenth Circuit suggests that the error may not be very significant." 401 F. Supp. 2d at 1191. "In other words, although the circuit may be willing to consider cases from courts beyond the federal appellate courts, the focus should normally be on cases

existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, --- S. Ct. ----, 2011 WL 2119110 (May 31, 2011). However, "contrary authority from other circuits does not preclude a finding that the law in this circuit was clearly established, if the contrary authority can be distinguished." *Currier v. Doran*, 242 F.3d 905, 923 (10th Cir. 2001).

The Court may exercise its discretion "in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances." *Pearson v. Callahan,* 555 U.S. 223, 129 S. Ct. 808, 818 (2009). The Court need only address the second prong because, even assuming *arguendo* that defendants violated plaintiff's Fourth Amendment rights, plaintiff does not contend that it was clearly established at the time that defendants' conduct violated the Fourth Amendment. Indeed, he fails to even acknowledge that required showing. Because plaintiff has not sought to meet his heavy burden, defendants are entitled to qualified immunity and, by extension, to summary judgment on plaintiff's Fourth Amendment claim.

Defendants also seek summary judgment on plaintiff's Eighth Amendment claim. Plaintiff offers no argument in response. As an initial matter, defendants are correct that plaintiff may not assert an Eighth Amendment claim arising out of his time as a pretrial detainee. *See Porro v. Barnes*, 624 F.3d 1322, 1326 (10th Cir. 2010). Rather, plaintiff must instead rely upon the due process clause of the Fourteenth Amendment. *See Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999). In addressing such a claim, however, the Court "appl[ies] an analysis identical to that applied in Eighth

---

decided by other circuits." *Id.*

Amendment cases brought pursuant to § 1983." *See id.* (citing *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996)).  "A prison official is liable under the Eighth Amendment for denying an inmate humane conditions of confinement if the official 'knows of and disregards an excessive risk to inmate health and safety.'" *Perrotti v. McQueen*, No. 10-cv-01965-BNB, 2011 WL 334505, at *2 (D. Colo. Jan. 31, 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  Here, there is no evidence that the defendant police officers had any role whatsoever in the conditions of plaintiff's confinement.  Nor does plaintiff supply any information regarding the nature and conditions of that confinement.  Consequently, defendants are entitled to summary judgment on plaintiff's second claim for relief.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Official Capacity Motion [Docket No. 65] and the Individual Capacity Motion [Docket No. 66] are GRANTED.  Judgment shall enter in favor of defendants and against plaintiff.  It is further

**ORDERED** that the trial preparation conference scheduled for October 21, 2011 and the trial scheduled to commence on October 31, 2011 are vacated.

DATED May 31, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge
